Hornblower, Judge.
The question presented by the facts stated in these cases is, whether a creditor, who applies to the court to be admitted to prove his claim under an attachment against an absconding debtor, is entitled to costs, if the defendant appear at his suit, receive and plead to his declaration, and a *617 verdict is found for the plaintiff for a sum less than fifty dollars.
There is no part of the attachment act, which in terms gives costs, either to the plaintiff in the writ, or to applying creditors, upon a final recovery, either upon the report of auditors, or upon the ve.diet of a jury, after an appearance by the defendant. By the 16th sec. of the attachment act, Elm. Dig. 22, it is enacted, that if the defendant appear and give special bail, (now dispensed with by statute), at the suit of the plaintiff in attachment, “ then the costs which shall have accrued, shall abide the event of the suit:” thus by implication giving the plaintiff costs if he recover. It is observable that by this section, the writ of attachment is only to be set aside, as to such of the applying creditors, to whose suit the defendant shall appear and put in special bail; but as to all others, who have previously applied io the court or auditors to be let in, the attachment is to proceed. Since therefore special bail has been dispensed with and a general bond only required, the defendant in attachment ought to take his rule for setting aside the writ, with discrimination : that is, as to such only of the applying creditors, whoso claims he means to controvert, leaving the others to proceed before the auditors, under the attachment. For if he sets aside the writ as to all the applying creditors, he compels them, either to abandon their claims, which he has no right to do, however small their demands may be, or to keep themselves in court by filing their declarations against him, and then the cause must proceed, according to the course of the court, as at common law.
But to return to the subject of costs. By the first sec. of the act concerning costs, Elm. Dig. 173, every successful plaintiff, in every action, real, personal, or mixed, is entitled to costs, without regard to the amount recovered. It is true this statute, like the statute of Glouc; 6 Edw.; 1 C. 1, gives costs only where the plaintiff recovers “ damages.” But costs are given in such ease, whether the recovery be “ by verdict, or otherwise;” and as damages are almost always recovered by a successful plaintiff, either as the principal thing sued for, as in actions of assumpsit, or on the case, or in trespass; or as incidental, though nominal, iis in debt, detinue, &c., for the detention of the debt or duty; costs are generally recoverable under the statute by a successful *618 plaintiff. This act extends to all persons, who shall “ commence or sue in any court of this state, any action, bill or plaint of debt, covenant, &c., or any other action whatsoever;” and therefore must embrace the case of these plaintiffs, unless by the operation of some other statute, they are excepted out of its general provisions. •
I have said this statute embraces the case of these plaintiffs, for although they did not commence their actions, by writs of summons or capias against the defendant, yet they did “commence” their action by instituting their claim in a court, before which the defendant had been attached to appear, and as soon as the defendant did appear to their suit, their actions were depending.
Are these plaintiffs then excepted out of the provisions of the general act concerning costs, above cited, by the operation of any other statute ?
The general act above cited, was passed the 18th February, 1795. By the 43d sec. of the act constituting courts for the trial of small causes, passed February 12th, 1818, Elm. Dig. 284, it is enacted that if any person institute a suit “ for any debt or demand cognizable before a justice of the peace, in any other court than a court for the trial of small causes;” and obtain judgment for a sum not exceeding 100 dollars, exclusive of costs, the plaintiff shall not recover any costs ; unless before the commencement of the suit, he shall have made and filed an affidavit stating that he believes the sura due, or damages sustained, exceed 100 dollars. And by the 56th sec., Elm. Dig. 286, a plaintiff is allowed to sue in the court of Common Pleas, for a less sum than 100 dollars, and recover costs, if he previously make and file an affidavit, that the defendant has not goods and chattels, &c.
But these provisions, in my opinion, have no application to this matter. The court for the trial of small causes, as such, has no right, by virtue of the act constituting that court., to issue a writ of attachment. The object of the two sections, 43d and 56th, was to restrain plaintiffs from suing, in a superior court, any actions made cognizable in the court for the trial of small causes, by the act which constituted that court. There is then no sta *619 tute taking the case, of a proceeding under an attachment, out of the .operation of the general act concerning costs, first above quoted, Elm. Dig. 173, unless something can be found, in the attachment act itself, to that effect.
By the 33d sec. of the original act, Elm. Dig. 25, a justice of the peace was authorized to issue an attachment for any sum, not exceeding twenty dollars; but by a supplement, passed the 28th of November, 1822, the jurisdiction of Justices of the peace was extended to fifty dollars.
But it is observable, that there are no restraining words in the act, denying to a creditor the right of suing out of a superior court an attachment against an absconding, or. non-resident debtor, for a less sum than fifty dollars. Nor did the legislature, I apprehend, intend any such restriction ; because an attachment, issued by a Justice of the peace, could only reach the "effects, rights, and credits ” of the defendant. If therefore, a creditor, for any sum not exceeding fifty dollars, was confined to a Justice’s attachment, he would be without remedy against his absconding or absent debtor, although that debtor might have sufficient land in this state to satisfy all his debts. I see nothing therefore to prevent any creditor, for any amount, from suing out of a superior court an attachment against the goods and chattels, lands and tenements of an absconding or absent debtor. If however the plaintiff’s demand is fifty dollars or less, and he is content to seek his remedy out of the personal property of his debtor, he. may sue out an attachment before a Justice of the peace, against the debtor’s “ effects, rights, and credits ” only.
But even then the plaintiff, in such suit before a Justice, is liable to be interrupted; for the statute declares, sec. 34 Elm. Dig. 26, that an attachment, issued out of the Supreme Court, or a court of Common Pleas, shall immediately supersede and put an end to all attachments issued by a Justice of the peace, and that a plaintiff before a Justice, shall in such case, be only entitled to his debt and costs out of the defendant’s property, pro rata, with other creditors.
What then is a creditor for fifty dollars or less to do, in case his own writ has been superseded, or if an attachment has already been issued out of a superior court ? Mlust he abandon *620 his claim; or else follow it up, although controverted by the defendant, at his own costs, even if successful ? Such a creditor is certainly reduced to that alternative, if the defendant’s counsel is right. He says, this is a serious question. I know it is : and that 50 or 100 creditors for very small amounts, putting in their claims, may eat up all the property attached, by their bills of costs, not only to the ruin of the debtor, but to the great prejudice of larger creditors. This I admit is a serious difficulty. But the costs’cannot be much increased by such small claims, unless the defendant, by dissolving the attachment as to them, compels each of them to file a declaration, and proceed to trial and judgment. The costs of simply proving such claims before the auditors, where the debt is not controverted, cannot be much, if properly taxed by the taxing officer, and with a strict regard to the law and the rights of parties. I know in such cases, a practice has prevailed, of charging a retaining fee, warrant of attorney, copy and filing, special motions, breviat and copies, &c. But the propriety of this is very questionable. The plaintiff’s attorney, who'issues the writ, if it proceeds to judgment, is entitled to a regular bills of costs. But a creditor, who comes in and proves his debt before the auditors, is entitled, I should think, only to have the fees of the court and clerk refunded to him, together with the costs of such motions as his attorney has actually made in court.
If however the defendant gives bond, dissolves the attachment as against a person claiming to be a creditor, appears to his suit, and compels him to declare, why then the case assumes the character of a regular suit at law; and regular costs must follow the event of the suit. Such was the case here, and of course the plaintiffs are entitled to costs.
The Circuit Court advised to enter judgment with costs.
Cited in Hanness v. Smith, 1 Zab. 497.